140 So. 627

## HAMMONS v. STATE.
### 7 Div. 846.

Court of Appeals of Alabama.
Feb. 9, 1932.

Rehearing Denied March 22, 1932.

Cockrell & Riddle, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### RICE, J.

This is a simple prosecution, for an alleged violation of the laws prohibiting the possession, etc., of intoxicating liquors, begun, by affidavit, etc., in the county court, and carried, after appellant's conviction, by appeal, to the circuit court, where the trial proceeded upon the original affidavit. Code 1923, § 4646.

There is nothing complicated nor involved about the case.

The tendency of the testimony on the part of the state was to the effect that some witnesses, at least one of whom was an officer, found a jug, partially full of whisky, hid in the woods. They secreted themselves, adjacent, and remained until shortly after nightfall, when appellant came there and picked up the jug and started away with it. That's the whole substance of the state's testimony.

Appellant's testimony was a denial of that on the part of the state. He admitted being at the place, and at the time, where and when the State's witnesses testified he was apprehended with the jug of whisky in his hands. But he denied the whisky part of it.

He said he had started "cat hunting" (whether "wild cat," he did not say); that the car in which he was riding came to a mudhole, and he got out to see about getting around the same, when "somebody stood up in the woods with a flash light and went to shooting and the car ran off and left him (me) standing there" (with the "bag to hold," only it was a "jug," the state's witnesses, in effect, say).

The case made by the conflicting testimony on the part of the state and the appellant was properly submitted to the jury.

There were twenty written charges given at appellant's request. These, in connection with the explicit oral charge of the court, covered fully every possible phase of the applicable law.

There was no error in the refusal of any of appellant's written, requested charges, appearing in the record endorsed "refused."

The rulings on the taking of testimony, to which exceptions were duly reserved, have each been examined. There was obviously error in none of same.

The record is regular. And the judgment of conviction is affirmed.

Affirmed.